## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE BENIGNO AGUILAR,<br><br>Defendant. | Criminal No. 04-38 (2) (JRT/RLE)<br>Civil No. 06-2176 (JRT)<br><br><br>**MEMORANDUM OPINION AND<br>ORDER GRANTING § 2255 MOTION** |

Joseph T. Dixon, III, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Jose Benigno Aguilar, #11387-041, Federal Correctional Institution, P.O. Box 5000, Greenville, IL 62246, defendant *pro se*.

On April 21, 2004, a jury found defendant Jose Benigno Aguilar ("Aguilar") guilty on two counts of conspiring to distribute methamphetamine, and aiding and abetting possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(B) and 846. Aguilar was sentenced on September 8, 2005 to a term of 121 months, and his counsel timely filed a Notice of Appeal on September 16, 2005. Aguilar's counsel did not, however, file a brief in support of the appeal.

Despite three orders from the Eighth Circuit to show cause for failure to file an appeal brief, defense counsel apparently did not file an appeal brief, and Aguilar's appeal was dismissed for failure to prosecute on April 26, 2006. Aguilar, a federal prisoner

presently incarcerated at Greenville, Illinois, brings this motion to vacate his sentence pursuant to 28 U.S.C. § 2255 for ineffective assistance of counsel.

## ANALYSIS

To prevail on a claim of ineffective assistance of counsel, a defendant must show that his "counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984); *Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir. 1996). Under *Strickland*, there is a presumption that the attorney's representation was competent and that the challenged decisions constituted permissible strategic and tactical choices of counsel. *Strickland*, 466 U.S. at 689.

A criminal defendant is entitled to effective assistance of counsel on a first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bell v. Lockhart*, 795 F.2d 655, 657 (8th Cir. 1986). The Eighth Circuit has held that counsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for purposes of section 2255. *See Hollis v. United States*, 687 F.2d 257, 259 (8th Cir. 1982); *United States v. Beers*, 76 F.3d 204, 205 (8th Cir. 1996). Further, "where ineffective assistance of counsel deprives a defendant of his right to appeal, courts have not required a showing of prejudice or of likely success on appeal." *Hollis*, 687 F.2d at 259 (internal quotations omitted) (quoting *Robinson v. Wyrick*, 635 F.2d 757, 758 (8th Cir. 1981)). Counsel's failure to file a brief accompanying the notice of appeal also constitutes ineffective assistance of counsel. *Anders v. California*, 386 U.S. 738, 744 (1967).

Here, Aguilar's counsel filed a notice of appeal, but apparently never filed an appeal brief. As a result, the Eighth Circuit dismissed the appeal for failure to prosecute. Under these circumstances, Aguilar was denied his constitutional right to effective assistance of counsel. The Eighth Circuit has held that proper procedure to remedy Aguilar's deprivation of his constitutional right to effective assistance of counsel is to appoint new counsel, vacate the sentence, and resentence Aguilar, such that the time for appeal will commence from the date of resentencing.[1] *See Beers*, 76 F.3d at 205.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that Aguilar's motion to vacate under 28 U.S.C. § 2255 [Docket No. 149] is **GRANTED** as follows:

1. Aguilar's sentence, imposed on September 8, 2005, is **VACATED**;

2. Aguilar shall be resentenced as expeditiously as possible;

3. The Court hereby orders the Office of the Public Defender to appoint new counsel to Aguilar.

The Clerk of Court is respectfully directed to mail a copies of this Order to Mr. Aguilar and Katherian Roe, Federal Public Defender.

DATED: September 7, 2006　　　　　　　　　s/ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] To the extent Aguilar raises additional grounds for relief in his § 2255 petition, the Court does not address those grounds here, given that the Court is vacating Aguilar's sentence to permit him to file a direct appeal.